# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THOMAS BLAND, | ) |
| Plaintiff, | ) Case No. 20-cv-99 RP-HCA |
| vs. | ) |
| SWIFT PORK COMPANY, JBS USA FOOD COMPANY and CHELSEE CORNELIUS, | ) DEFENDANTS' ANSWER |
| | ) (REMOVED FROM WAPELLO COUNTY; CASE NO. LALA106090) |
| Defendants. | ) |

Defendants, Swift Pork Company, JBS USA Food Company and Chelsee Cornelius, ("Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., for their Answer to Plaintiff's Petition at Law and Jury Demand ("Petition") filed by Plaintiff, Thomas Bland ("Bland" or "Plaintiff") and states defenses as follows:

1. At all times pertinent herein the Plaintiff, Thomas Bland, (hereinafter referred to as "Bland") was and is an individual and resident of Wapello County, Iowa.

**ANSWER:** Defendants admit that the Plaintiff is a citizen of Iowa, but is without knowledge or information to admit or deny the truth of the remaining allegations of Paragraph 1 and therefore deny the same.

2. At all times pertinent herein the Defendant, Swift Pork Company (hereinafter referred to as "JBS") was and is a Delaware Corporation with a place of business in and around Ottumwa, Iowa.

**ANSWER:** Defendants admit the allegations of Paragraph 2.

3. At all times pertinent herein the Defendant JBS USA Food Company, (hereinafter referred to as "JBS") was and is the parent corporation of Swift Pork Company with a place of business in and around Ottumwa, Iowa.

**ANSWER:** Defendants admit the allegations of Paragraph 3.

4. At all times pertinent herein the Defendant Chelsee Cornelius, (hereinafter referred to as "Cornelius) was the human resources manager for JBS at the Ottumwa, Iowa location and a resident of Iowa.

**ANSWER:** Defendants admit the allegations of Paragraph 4.

5. Plaintiff has filed a complaint with the Iowa Civil Rights Commission and received a right-to-sue letter on November 1, 2019.

**ANSWER:** Defendants admit the allegations of Paragraph 5.

## FACTUAL BACKGROUND

6. Plaintiff repleads and incorporates Paragraphs 1-5 and 33-52 as if pled here.

**ANSWER:** Defendants re-allege and incorporate its responses to the preceding paragraphs as though fully set forth.

7. Plaintiff began his employment with JBS on or about July 1, 1991.

**ANSWER:** Defendants admit the allegation of Paragraph 7.

8. Plaintiff worked as the floor janitor from 1997-2018.

**ANSWER:** Defendants admit the allegation of Paragraph 8.

9. Defendant Chelsee Cornelius worked as the human resources manager for JBS during the course of Plaintiff's employment.

**ANSWER:** Defendants admit the allegation of Paragraph 9.

10. Throughout his employment with the Defendants, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed the jobs in a manner which met and/or exceeded the Defendant's legitimate expectations.

**ANSWER:** Defendants deny the allegations of Paragraph 10.

11. Plaintiff had focal segmental glomerulosclerosis (FSGS) and required a kidney transplant.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 11 and therefore deny the same.

12. Plaintiff received a kidney transplant on or around May 6, 2013.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 12 and therefore deny the same.

13. Plaintiff applied for, and was approved for intermittent FMLA.

**ANSWER:** Defendants cannot admit or deny without specific allegation to Paragraph 13.

14. Plaintiff was on intermittent FMLA from 2013-2018 due to the possibility of kidney rejection signs.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 14 and therefore deny the same.

15. Plaintiff was required by his physician to test his temperature and blood pressure every morning to ensure there was no sign of rejection.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 15 and therefore deny the same.

16. If Plaintiff's levels were not normal, he was required to go to the doctor immediately causing him to miss work.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 16 and therefore deny the same.

17. Plaintiff notified his employer by calling in every day he still required time off.

**ANSWER:** Defendants deny the allegation of Paragraph 17.

18. Plaintiff was able to work with no restrictions as long as his temperature and blood pressure was normal.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 18 and therefore deny the same.

19. On or around May 1, 2018, Plaintiff called into work under his FMLA to attend the doctor for his raised blood pressure and temperature.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 19 and therefore deny the same.

20. Plaintiff became very ill and was informed by his physician that his kidneys were showing signs of rejection.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 20 and therefore deny the same.

21. Plaintiff missed seven weeks of work due to his kidneys, and his doctor provided him with a doctor's note excusing him from work from May 3, 2018-June 18, 2018.

**ANSWER:** Defendants deny the allegations of Paragraph 21.

22. Plaintiff attempted to return to work on June 19, 2018 and did not have access to the building.

**ANSWER:** Defendants deny the allegations of Paragraph 22.

23. Plaintiff was informed he was sent a certified letter to his house on June 12, 2018 notifying him of his termination.

**ANSWER:** Defendants admit the allegation of Paragraph 23.

24. Plaintiff was terminated on June 12, 2018 and never received any form of termination letter even after JBS informed him they would send one to him.

**ANSWER:** Defendants deny the allegations of Paragraph 24.

25. Plaintiff met with human resources and was informed by Defendant Cornelius that he was at nine points for attendance and they did not think he was going to make it until November when the attendance points restart.

**ANSWER:** Defendants deny the allegations of Paragraph 25.

26. Employees are allowed [sic] receive 10 attendance points before being terminated.

**ANSWER:** Defendants admit the allegation of Paragraph 26.

27. Plaintiff had a second meeting with Cornelius and two union representatives and Cornelius told Plaintiff he had thirty-three (33) points and that is why he was terminated.

**ANSWER:** Defendants deny the allegations of Paragraph 27.

28. Plaintiff received 9 attendance points and was terminated even though he was on FMLA during the time period.

**ANSWER:** Defendants deny the allegations of Paragraph 28.

29. Plaintiff informed JBS of every absence by calling into work every morning to notify them.

**ANSWER:** Defendants deny the allegation of Paragraph 29.

30. Plaintiff was informed that every day he missed due to his disability he would be written up for the absence.

**ANSWER:** Defendants deny the allegation of Paragraph 30.

31. The FMLA policy at JBS then required Plaintiff to meet with Human Resources and overturn each write up and let them know the absence was due to his disability and is covered by FMLA.

**ANSWER:** Defendants deny the allegations of Paragraph 31.

32. Plaintiff was denied accommodations, disciplined, and terminated because of his disability.

**ANSWER:** Defendants deny the allegations of Paragraph 32.

**COUNT I – DISCRIMINATION – REAL OR PERCEIVED DISABILITY**
**(IOWA CODE CHAPTER 216)**

33. Plaintiff repleads and incorporates Paragraphs 1-32 and 42-52 as if pled here.

**ANSWER:** Defendants re-allege and incorporate its responses to the preceding paragraphs as though fully set forth.

34. The Defendants in this case treated the Plaintiff differently in the terms and conditions of his employment based on his real or perceived disability.

**ANSWER:** Defendants deny the allegation of Paragraph 34.

35. Plaintiff has suffered from focal segmental glomerulosclerosis (FSGS) requiring him to need a kidney transplant during his employment with JBS.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 35 and therefore deny the same.

36. Plaintiff missed work due to illness and signs of kidney rejection.

**ANSWER:** Defendants are without knowledge or information to admit or deny the truth of the allegations of Paragraph 36 and therefore deny the same.

37. Plaintiff was written up multiple times for absences related to medical appointments, which were FMLA absences.

**ANSWER:** Defendants deny the allegations of Paragraph 37.

38. Defendants' actions violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

**ANSWER:** Defendants deny the allegations of Paragraph 38.

39. Defendants terminated Plaintiff on the basis of his disability or their perception as to being disabled.

**ANSWER:** Defendants deny the allegations of Paragraph 39.

40. Defendants' actions were the cause of damages to Plaintiff.

**ANSWER:** Defendants deny the allegation of Paragraph 40.

41. Plaintiff suffered damages as a result of the aforesaid real or perceived disability discrimination by Defendants.

**ANSWER:** Defendants deny the allegation of Paragraph 41.

**WHEREFORE**, the Plaintiff, Thomas Bland, respectfully prays for judgment against Defendants Swift Pork Company, JBS USA Food Company, and Chelsee Cornelius in a sum deemed reasonable and proper for compensatory damages, and a sum deemed reasonable, for cost and interest and such other or further relief as just and proper.

**DEFENDANTS' RESPONSE:** The Defendants deny the Plaintiff is entitled to any of the stated relief mentioned in the WHEREFORE paragraph above.

## COUNT II: VIOLATION OF RIGTS UNDER FAMILY MEDICAL LEAVE ACT

42.     Plaintiff repleads and incorporates Paragraphs 1-41 and 47-52 as if pled here.

**ANSWER:**   Defendants re-allege and incorporate its responses to the preceding paragraphs as though fully set forth.

43.     The Defendant's actions in disciplining and terminating the Plaintiff were on the basis of real or perceived disability, and his usage of FMLA leave, and in violation of Plaintiff's substantial rights under the Family Medical Leave Act, 29 U.S.C. §2601 et.seq.

**ANSWER:**   Defendants deny the allegations of Paragraph 43.

44.     The Defendants actions were both in violation of the Family Medical Leave Act in interfering and in retaliation for the Plaintiff exercising his rights pursuant to the Family Medical Leave Act.

**ANSWER:**   Defendants deny the allegation of Paragraph 44.

45.     As a proximate cause of the Defendants' actions, Plaintiff has suffered general and special damages including past and continuing lost wages and benefits.

**ANSWER:**   Defendants deny the allegation of Paragraph 45.

46.     The actions of the Defendants were willful and wanton which warrant an award of punitive and/or liquidated damages.

**ANSWER:**   Defendants deny the allegation of Paragraph 46.

**WHEREFORE**, the Plaintiff, Thomas Bland, respectfully prays for judgment against Defendants Swift Pork Company, JBS USA Food Company, and Chelsee Cornelius in a sum deemed reasonable and proper for compensatory damages, and a sum deemed reasonable and proper for punitive, liquidated or exemplary damages, for cost and interest and such other or further relief as just and proper.

**DEFENDANTS' RESPONSE:** The Defendants deny the Plaintiff is entitled to any of the stated judgment mentioned in the WHEREFORE paragraph above.

## COUNT III: WRONGFUL TERMINATION

47. Plaintiff repleads and incorporates Paragraphs 1-46 as if pled here.

**ANSWER:** Defendants re-allege and incorporate its responses to the preceding paragraphs as though fully set forth.

48. On June 19, 2018 Plaintiff was notified that his employment with JBS was terminated as of June 12, 2018.

**ANSWER:** Defendants deny the allegations of Paragraph 48.

49. Defendant Cornelius told Plaintiff he was terminated for having nine attendance points even though their policy states an employee is allowed up to ten attendance points before termination.

**ANSWER:** Defendants deny the allegation of Paragraph 49.

50. Termination was relation and a violation of a clearly defined public policy in Iowa.

**ANSWER:** Defendants deny the allegation of Paragraph 50.

51. Plaintiff provided Defendants with a doctor's note excusing him from work from May 3, 2018-June 18, 2018.

**ANSWER:** Defendants deny the allegations of Paragraph 51.

52. The Defendants took adverse employment actions against the Plaintiff, including termination, in part based on the Plaintiff's requests for and taking of FMLA leave.

**ANSWER:** Defendants deny the allegations of Paragraph 52.

## RESPONSE TO THE PLAINTIFF'S PRAYER FOR RELIEF

The Defendant denies the Plaintiff is entitled to any of the stated relief mentioned in the WHEREFORE paragraph in the Petition.

## DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiff's burden to prove.

1. The Plaintiff's Petition fails to state a claim for which relief can be granted.

2. Any recovery is barred or limited because Plaintiff has mitigated his damages or has failed to mitigate and/or minimize his damages, if any.

3. Some or all of Plaintiff's claims are barred due to failure to exhaust administrative remedies.

4. Each and every action taken with respect to Plaintiff was taken in good faith and for legitimate, non-discriminatory, business-related, and non-retaliatory reasons, and without legal bias or animus.

5. Defendants reserve the right to amend or add to their defenses as may be appropriate.

6. Even assuming any unfavorable personnel action was taken against Plaintiff in which an impermissible consideration was a factor – which Defendants deny – Defendant or Defendants would have taken the same action even in the absence of the impermissible consideration.

7. Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions – which Defendants deny– Defendant or Defendants would have taken the same action in

the absence of such motivation.

    8.    Without admitting any wrongful conduct by Defendant or any of the Defendant's employees, agents or representatives, Defendants neither authorized nor rarified any alleged wrongful conduct by any employee, agent, or representative of Defendant, and therefore, Defendant cannot be held liable for any punitive or exemplary damages arising out of any alleged wrongful conduct by any of its employees, agents or representatives.

    9.    Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in whole or in part by after-acquired evidence, which independently justified Plaintiff's termination.

    10.    To the extent Defendants discover during the course of this action that Plaintiff engaged in any conduct that would have warranted discharge under Company policy, Plaintiff's right to recover damages beyond the date of discovery will be cut off and Plaintiff will be prevented from obtaining reinstatement of employment under the after-acquired evidence defense.

WHEREFORE, Defendants request this court enter judgment against the Plaintiff and in Defendants' favor, and enter an order:

1. Dismissing the Petition at Law against Defendants, with prejudice and in its entirety;

2. Awarding Defendants costs and disbursements, including reasonable attorneys' fees accrued in this action; and

3. Granting Defendants such other relief and further relief as the Court deems just and equitable.

12

Dated this 25th day of March, 2020.

          **OGLETREE, DEAKINS, NASH,**
          **SMOAK & STEWART, P.C.**

          s/ Christine Bestor Townsend
          Christine Bestor Townsend, AT0012175
          1243 North 10th Street, Suite 200
          Milwaukee, WI 53205
          Telephone: (414) 239-6413
          Facsimile: (414) 755-8289
          Email: christine.townsend@ogletree.com

          **ATTORNEYS FOR DEFENDANTS**

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on March 25, 2020 by

☐ U.S. Mail    ☐ Fax

☐ Hand Delivered    ☐ Electronic Mail

☐ FedEx    ☒ CM/ECF

bj.stoltze@stoltzelaw.com
Bruce H. Stoltze, Jr.
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, IA  50309

s/ Christine Bestor Townsend
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.

42215538.1